## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

IN RE:

STEVEN J. FOX
BRENDA K. FOX

                    Debtors.

_____

                                                    Case No. 08-1053-EFM

BOEING WICHITA CREDIT UNION,

                    Plaintiff/Appellant,

  vs.

LINDA S. PARKS, TRUSTEE,

                    Defendant/Appellee.

_____

## MEMORANDUM AND ORDER

Before the Court is an appeal from a Bankruptcy Court order in which that court entered

judgment in favor of the trustee, Linda S. Parks, and against Boeing Wichita Credit Union

("BWCU").  For the following reasons, the Court AFFIRMS the judgment.

### I.  Background

The parties stipulated to the following facts. The Foxes filed their bankruptcy case on

September 14, 2005.  The preference period began on June 16, 2005 and ended on September 14,

2005. On June 27, 2005, the debtors directed Capital One, with whom they had a credit card

account, to issue a balance transfer draft to BWCU for $3,400 to pay down their credit card account

at BWCU.  Before the balance transfer occurred, debtors owed Capital One $2,702.34.  Their credit limit was $7,500.  On July 5, 2005, BWCU received the draft and credited the $3,400 to the Foxes' account, leaving them owing $80.85.  The debtors had previously only made small sporadic payments to BWCU. The trustee sought to recover the $3,400 from BWCU as a preferential transfer and preserve the money for the benefit of the bankruptcy estate.

On March 11, 2008, the Bankruptcy Court for the District of Kansas issued a Memorandum and Order finding that the transaction was an avoidable transfer which the trustee could recover from BWCU.  On March 26, 2008, BWCU filed an appeal urging this Court to reverse the Bankruptcy Court's order.

## II.  Standard of Review

The District Court sits as an appellate court on an appeal from the Bankruptcy Court.[1]  The facts are not in dispute as they have been stipulated to, and only conclusions of law are at issue.  A bankruptcy court's conclusions of law are reviewed *de novo*.[2]

## III.  Analysis

The issue in the present case is whether a balance transfer constitutes a preferential transfer of estate property within the meaning of 11 U.S.C. § 547.  Stated specifically, the issue is whether a $3,400 transfer from Capital One to BWCU constitutes a transfer of "an interest of the debtor in property."  Appellant BWCU asserts that the transfer was not a "transfer of an interest of the debtor in property" because the funds were never in possession of the debtors.  BWCU contends that the transaction at issue was a direct bank-to-bank transfer of funds with the funds transmitted directly

---

[1] 28 U.S.C. § 1334(a).

[2] *Travelers Insurance Co. v. American Ag Credit Corp. (In re Blehm Land & Cattle Co.)*, 859 F.2d 137, 138-39 (10th Cir. 1988).

by Capital One to BWCU, and the funds never reached the hands of the debtors. BWCU also asserts

that there was no diminution of the estate because the transfer merely substituted one creditor for

another. Accordingly, BWCU argues that the trustee cannot avoid the transfer because it was not

"an interest of the debtor in property."

Section 547(b) of the Bankruptcy Code states:

[T]he trustee may avoid any transfer of an interest of the debtor in property --

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer
was made;

(3) made while the debtor was insolvent;

(4) made--

(A) on or within 90 days before the date of the filing of the petition; . . . and

(5) that enables such creditor to receive more than such creditor would receive if--
(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the
provisions of this title.[3]

Section 547 serves a dual purpose.  It secures "an equal distribution of assets among creditors

of like class" and discourages "actions by creditors that might prematurely compel the filing of a

[bankruptcy] petition."[4] As stated above, the only issue in this case concerns whether the balance

transfer was an "interest of the debtor in property."

---

[3]11 U.S.C. § 547(b).

[4]*Gillman v. Scientific Research Prods., Inc., of Del. (In re Mama D'Angelo, Inc.)*, 55 F.3d 552, 554 (10th
Cir. 1995).

Although the Bankruptcy Court does not specifically define "an interest of the debtor in property," the Tenth Circuit has stated that "it is well-established that it is broadly defined, and guidance is to be drawn from the definition of 'property of the estate' set forth in 541(a)."[5] In *Begier v. IRS*, the United States Supreme Court noted that "property of the debtor subject to the preferential transfer provision is best understood as that property that would have been part of the estate had it not been transferred before the commencement of bankruptcy proceedings."[6] The *Begier* Court stated that guidance regarding "property of the debtor" could be found in § 541.[7] Section 541(a)(1) states that property of the estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case."[8] As such, "the fundamental inquiry under 547(b) will be whether the debtor had a legal or equitable interest in the property such that the transfer at issue diminished or depleted the debtor's estate."[9]

In Appellant's brief, BWCU relies heavily on a recent decision by another Bankruptcy Court and District Court in the District of Kansas. The case had similar facts in that one credit card company paid approximately $38,000 on debtor's behalf to another credit card company within the 90 day preferential period. Both courts found that the transfer was not an interest of the debtors in property, and the trustee could not avoid the transfer and therefore was not entitled to recover the $38,000.

---

[5]*Manchester v. First Bank and Trust Co. (In re Moses)*, 256 B.R. 641, 645 (10th Cir. BAP 2000)(*citing Begier v. IRS*, 496 U.S. 53, 58-59, 110 S.Ct. 2258, 110 L.Ed.2d 46 (1990)).

[6]*Begier*, 496 U.S. at 58-59.

[7]*Id.*

[8]11 U.S.C. § 541(a)(1).

[9]*In re Moses*, 256 B.R. at 645.

-4-

The Tenth Circuit Court of Appeals recently reversed that judgment.[10] The Court noted that the majority of the courts addressing this particular issue have found that a balance transfer is an "interest of debtor's in property."[11]  "These courts reason that the debtor, even if never in actual possession of the loaned proceeds, exercises dominion or control over them as evidenced by the ability to direct their distribution."[12]  The Tenth Circuit explained:

> Separating them into constituent elements reveals a sequence of events, not just one: Debtors drew on their Capital One line of credit; that draw converted available credit into a loan; Debtors directed Capital One to use the loan proceeds to pay [BWCU]; and Capital One complied.  It is essentially the same as if Debtors had drawn on their Capital One line of credit, deposited the proceeds into an account within their control, and then wrote a check to [BWCU.] The latter is clearly a preference. . . . [D]ebtors obtained an interest in the loan proceeds even if the interest was only fleeting. An ability to control, made manifest, must equate to physical control.[13]

This case is indistinguishable. Here, the balance transfer of $3,400 was an interest of the debtor in property.  The debtor had control of the disposition of the funds because Capital One would not have undertaken this transfer to BWCU absent the specific instruction from debtor.  In addition, had the debtor not specified the amount to be paid to BWCU, Capital One would not have made the payment. Due to the debtor's specific instruction, the funds were transferred from Capital One to BWCU.  Accordingly, debtors exercised their dominion and control over the funds. As such, it was an interest of the debtor in property.

---

[10]*Parks v. FIA Card Services, N.A.*, (*In re Marshall*), 550 F.3d 1251 (10th Cir. 2008).

[11]*In re Marshall*, 550 F.3d at 1256 (citing *Meoli v. MBNA Am. Bank, N.A. (In re Wells)*, 382 B.R. 355 (B.A.P. 6th Cir. 2008); *Parks v. Boeing Wichita Credit Union (In re Fox)*, 382 B.R. 800 (Bankr. D. Kan. 2008); *Mukamal v. Bank of Am. (In re Egidi)*, 386 B.R. 884 (Bankr. S.D. Fla. 2008); *Lewis v. Providian Bancorp (In re Getman)*, 218 B.R. 490 (Bankr. W.D. Mo. 1998); *Yoppolo v. Greenwood Trust (In re Spitler)*, 213 B.R. 995 (Bankr. N.D. Ohio 1997); *but see Loveridge v. Ark of Little Cottonwood, Ind. (In re Perry)*, 343 B.R. 685, 688 (Bankr. D. Utah 2005) (setting forth minority view)).

[12]*In re Marshall*, 550 F.3d at 1256.

[13]*Id.* at 1256-57.

Appellant also contends that this Court should apply the earmarking doctrine because one creditor was merely substituted for another creditor.  The earmarking doctrine is a judicially created doctrine that provides an exception from a claim of preference in certain cases.[14]  However, the earmarking doctrine "only applies when the lender requires the funds be used to pay a specific debt."[15]  The lender, Capital One, did not require the $3,400 to be paid to BWCU, and it did not place conditions on the use of the money.  It merely followed the debtors' instructions regarding payment.  As such, the earmarking doctrine is inapplicable to the facts of this case.

Finally, Appellant asserts that the substitution of one creditor for another creditor does not deprive the other unsecured creditors of assets that would have been available for distribution so therefore, there was no diminution of the estate. Some courts, including the Tenth Circuit, have applied a diminution of the estate test to determine whether the transfer constitutes a "transfer of an interest of the debtor in property."[16]  In *In re Moses*, the Court noted that a debtor's transfer of property was a transfer of "an interest of the debtor in property" if it deprived the bankruptcy estate of resources which would have otherwise been used to satisfy the claims of creditors.[17]  Indeed, in this case, the Bankruptcy Court found that the use of these funds diminished the debtor's property which resulted in "a nearly complete recovery by the credit union of its antecedent debt and,

---

[14]*In re Moses*, 256 B.R. at 645-46.

[15]*In re Marshall,* 550 F.3d at 1257.

[16]*In re Moses,* 256 B.R. at 645; *see also Southmark Corp. v. Grosz (In re Southmark Corp.)*, 49 F.3d 1111, 1116-17, (5th Cir. 1995); *Hansen v. MacDonald Meat Co. (In re Kemp Pac. Fisheries, Inc.)*, 16 F.3d 313, 316 (9th Cir. 1994).

[17]*In re Moses*, 256 B.R. at 649 (*citing Adams v. Anderson (In re Superior Stamp & Coin Co.)*, 223 F.3d 1104, 1008 (9th Cir. 2000)).

accordingly, a less equitable distribution of the debtor's assets."[18]

In *In re Marshall*, the Tenth Circuit also addressed this issue and found that the transfer did diminish the bankruptcy estate. Although the net value of the estate did not change, the Court found that the relevant test was "whether the loan proceeds 'would have been part of the estate had [they] been transferred before the commencement of bankruptcy proceedings.'"[19] The Court reasoned that the proceeds were "an asset of the estate for at least an instant before they were preferentially transferred . . . ."[20]

Here, the same factual situation applies. The $3,400 from Capital One was an asset of the estate at least briefly before being transferred to BWCU. When the proceeds were transferred to BWCU, it diminished the estate by $3,400. Accordingly, the estate was diminished and the balance transfer constitutes a "transfer of an interest of the debtor in property." Because the proceeds were an asset during the 90 day preferential period, the trustee is entitled to avoid the transfer.

"Treating the payments . . . as avoidable preferential transfers furthers 547(b)'s policy of equality of distribution between similarly situated creditors. Recapture allows all qualifying creditors . . . to ratably share in a [ ] estate asset."[21] This Court agrees with this policy. Allowing the trustee to recover the $3,400 on behalf of the bankruptcy estate allows all creditors to share equally in the asset.

---

[18]*Parks v. Boeing Wichita Credit Union (In re Fox)*, 382 B.R. 800, 802 (Bankr. D. Kan 2008).

[19]*In re Marshall*, 550 F.3d at 1258 (citing *Begier*, 496 U.S. at 58, 110 S.Ct. 2258).

[20]*In re Marshall*, 550 F.3d at 1258.

[21]*Id.* at 1258.

**IT IS ACCORDINGLY ORDERED** this 4th day of March, 2009  that the judgment of

the Bankruptcy Court is AFFIRMED.

**IT IS SO ORDERED**.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE